No. 3273

Second Circuit

FINLEY v. SPINKS

(July 7, 1928. Opinion and Decree.)

*(Syllabus by the Editor)*

1. Louisiana Digest—Acts—Par. 31, 33.

The description in a deed "44 feet off the west side of lot 10, or to the lattice barn" will mean 44 feet off the west side of lot 10 where the lattice barn had been destroyed and there is no method by which its former exact loca-

tion can be determined. (See Civil Code, Articles 854, 2495.)

Appeal from the Third Judicial District Court, Parish of Lincoln. Hon. S. D. Pearce, Judge.

Action by Mrs. Mattie A. Finley against Virgil H. Spinks.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Dhu Thompson, of Ruston, attorney for plaintiff, appellant.

E. L. Walker, of Ruston, attorney for defendant, appellee.

ODOM, J. This is an action of boundary and involves a narrow strip of ground in lot 10, block "R", in the town of Ruston.

On June 10, 1919, Mrs. Finley, the plaintiff, sold to Virgil H. Spinks the following described property.

"Lot number eleven (11) and forty-four (44) feet off the west side of lot number ten (10) Block "R" or to the lattice barn now situated on part of lot number ten 10, it being the purpose of the parties that only that portion of lot number 10 west of said lattice barn is transferred."

This suit followed a controversy which arose between Mrs. Finley, the vendor, and Spinks, the vendee, as to the correct location of the east boundary line of the property conveyed.

It will be noted that the description calls for forty-four (44) feet off the west side of lot 10, "or to the lattice barn." Several years ago the barn referred to was torn down and moved away, and there is nothing there now to indicate just where it was situated. The parties to the suit are agreed that the west edge of the barn was intended as the correct location of the east boundary line of the property conveyed, so that if the barn were still there, or if its exact location on the ground could be now determined by signs or markers, this controversy would not have arisen.

It is true, as contended by counsel for Mrs. Finley, that when real property is sold with reference to fixed boundaries or markers, the boundaries mentioned in the deed control, and are to be accepted rather than measurements. Civil Code, Articles 854, 2495.

But the trouble in this case is that the barn is not there and its location cannot now be determined by any signs or impressions on the ground. That being the case, the parties must accept the calls of the deed as to measurements or distances.

According to the deed, the plaintiff sold to defendant forty-four feet off the west side of lot 10. That is the only description the parties now have and they must abide by it.

But going further, and considering the parol testimony, we think the location of the west edge of the barn was definitely located at the time the deed was signed. These parties went to the late Arnold Barksdale, an attorney, and asked him to prepare the deed for them. They told him that it was their purpose to make the west edge of the barn the east line of the property to be conveyed. He very wisely suggested that inasmuch as the barn might burn or be removed, a more definite description should be inserted.

At his suggestion, two disinterested persons were named to measure the distance from the barn to the west line of lot 10. They made the measurement and reported back to Barksdale. These parties are now living, and they recall having made

the measurement, but they do not recall the distance.

But it is conceded that when they reported their findings to Barksdale he prepared the deed which recites that the vendor sells to the vendee forty-four feet off the west side of lot 10, "or to the lattice barn."

We therefore have not the slightest doubt that they found that the west edge of the barn was forty-four feet from the east edge of lot 10. Barksdale, who understood the necessity of a definite and accurate description, in the deed, was satisfied with the report and made the description accord with the findings.

The defendant built a fence on the east side of the property which he purchased, which is now standing, and Mrs. Finley says he built it very close to the barn, which was then there, and she claims that this fence should be accepted as the line. But Spinks says he left a space between the barn and the fence, so that he could walk around his property and go between the fence and the barn. The workmen who tore the barn down say there was some space between the barn and the fence. They make it clear that while the fence was close to the barn, yet it was not built up against it.

Under the testimony, it cannot be said that defendant built his fence on the line.

We are indebted to our brother of the District Bench for his written opinion, which we find in the record, in which he went into every detail of the evidence. He correctly found that a line running north and south through lot ten forty-four feet east of the west line of that lot is the east boundary line of the property in controversy, and we accordingly affirm his judgment, with costs.